FILED
SUPERIOR COURT
OF GUAM

2021 MAY 26 PM 12:53

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>v.<br><br>TIMO DANIEL PALIK,<br>*aka* Timo-Ju Palik,<br>DOB: 05/10/2004<br><br>Defendant. | Criminal Case No. CF0273-20<br>GPD Report Nos. 20-12963/-12974/-12975<br><br>**DECISION AND ORDER<br>DENYING DEFENDANT'S<br>MOTION FOR DE-CERTIFICATION<br>AND TRANSFER TO FAMILY COURT** |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 23, 2021 for hearing on Defendant Timo Daniel Palik's (*aka* Timo-Ju Palik's) ("Defendant's") Motion for De-Certification and Transfer to Family Court ("Motion"). Assistant Attorney General Steven J. Haderlie represents the People, and Alternate Public Defender Ana Maria C. Gayle represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

### BACKGROUND

On or around May 16, 2020, Defendant was arrested and charged with Charge One: *Three Counts* of Burglary to a Motor Vehicle (as a 2nd Degree Felony); Charge Two: *Three Counts* of Theft (as a 3rd Degree Felony); and Charge Three: *Three Counts* of Criminal Trespass to a Motor Vehicle (as a Misdemeanor). Indictment (Aug. 10, 2020). Defendant was sixteen (16) years old at the time of his arrest and at the time of this Motion.

On April 1, 2021, Defendant filed his Motion for De-Certification and Transfer to Family Court. Defendant argued for his transfer to Family Court given his age, circumstances surrounding

Decision and Order Denying Defendant's Motion For De-Certification and Transfer to Family Court
CF0273-20, *People of Guam v. Timo Daniel Palik*
Page 1 of 6

the offense, advantages of the juvenile justice system, security of the public, Defendant's history of services, likelihood of rehabilitation, and adequacy of the punishment. Motion at 3-7.

On April 22, 2021, the People filed their Opposition to Defendant's Motion for Transfer to Family Court ("Opposition"). The People argued transfer to Family Court would be inappropriate given the seriousness of the alleged offense and the Defendant's prior criminal record. Opposition at 2-3.

The Court held a hearing on April 23, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

"A child who is sixteen (16) years of age or older at the time he committed the offense for which he is charged shall automatically be charged as an adult for any act which would constitute a felony of the first or second degree, along with any acts which are misdemeanors or felonies of the third degree which are part of the same scheme of criminal activity as the felony." 19 G.C.A. § 5106(a).

On motion of either party, "the complaint or indictment may be transferred to the jurisdiction of the Family Court *upon a finding based on clear and convincing evidence* that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court based on an evaluation of the following:

(1) the age of the minor;

(2) the history of the minor, including:

   (A) any previous delinquent or criminal history of the minor;

   (B) any previous abuse or neglect history of the minor; and

   (C) any mental health, physical or educational history of the minor, or a combination of these factors;

(3) the circumstances of the offense, including:

   (A) the seriousness of the offense;

   (B) whether the minor is charged through accountability;

Decision and Order Denying Defendant's Motion For De-Certification and Transfer to Family Court
CF0273-20, *People of Guam v. Timo Daniel Palik*
Page 2 of 6

(C) whether there is evidence the offense was committed in an aggressive and premeditated manner;

(D) whether there is evidence the offense caused seriously bodily harm; and

(E) whether there is evidence the minor possessed a deadly weapon;

(4) the advantages of treatment within the juvenile justice system, including, whether there are facilities or programs, or both, particularly available in the juvenile system;

(5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated;

(6) the minor's history of services, including the minor's willingness to participate meaningfully in available services;

(7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction; and

(8) the adequacy of the punishment or services.

19 G.C.A. § 5106(d)(1)-(8) (*emphasis added*).

Defendant is automatically charged as an adult because he was sixteen at the time of his 2nd Degree Felony charge. *See* 19 G.C.A. § 5106(a). Based on Defendant's Motion, the Court must now balance the above factors to see if by *clear and convincing evidence* the Defendant's interests would be best managed through the Family Court. *See* 19 G.C.A. § 5106(d).

## I. Age of the Minor

Defendant is 16 years old and only two weeks shy of turning 17. Transferring this case to Family Court would place Defendant among the oldest inhabitants at the Department of Youth Affairs ("DYA"). Doing so risks the Defendant negatively influencing the younger and more pliant DYA inhabitants. Defendant argues that there is enough time to provide treatment and rehabilitation if he were detained for the maximum term the juvenile court could impose. Motion at 3. However, Defendant is only one year shy of adulthood.

Decision and Order Denying Defendant's Motion For De-Certification and Transfer to Family Court
CF0273-20, *People of Guam v. Timo Daniel Palik*
Page 3 of 6

Defendant's susceptibility to influence is much less than that of a young teenager or child, and his age weighs against transfer to Family Court.

## II. History of the Minor

Defendant has an extensive criminal history and has been charged with felonies on three separate occasions. In addition to the Burglary to a Motor Vehicle (as a 2nd Degree Felony) and Theft (as a 3rd Degree Felony) charges stemming from this current case, Defendant was charged with six counts of Burglary (as a 2nd Degree Felony) and Arson (as a 3rd Degree Felony) in CF0289-20, as well as Complicity to Burglary to a Motor Vehicle (as a 2nd Degree Felony) in CF0147-21. *See* CF0289-20 Amended Magistrate's Complaint (May 27, 2020); CF0147-21 Indictment (Mar. 25, 2021). Defendant picked up all three of these cases within a 10-month span, demonstrating a troubling pattern of serious criminal conduct. Even more troubling is that Defendant spent seven of those 10 months in DYA, picking up the charges in CF0147-21 the same month as his release. Forensic Evaluation at 2 (Dec. 23, 2020). This extensive criminal history weighs against transfer to Family Court.

## III. Circumstances of the offense

Defendant is charged with *three counts* of a second-degree felony, a crime serious enough to trigger automatic certification that he be charged as an adult. Indictment (Aug. 10, 2020). However, there is little evidence that Defendant acted in an aggressive or premeditated way (19 G.C.A. §5106(d)(4)(C)), caused serious bodily harm (19 G.C.A. §5106(d)(4)(D)), or utilized a deadly weapon (19 G.C.A. §5106(d)(4)(E)). Defendant argued that his co-defendant, Kingston Phillip, manipulated him into committing the crime. Court Recording at 10:25:10 (Apr. 23, 2021). However, in his forensic evaluation of Defendant, Dr. Juan Rapadas determined Defendant was "aware and mentally present" on the day of the incident, and was not on any drugs or alcohol at the time. Forensic Evaluation at 5 (Dec. 23, 2020). Defendant was able to control his actions, and the seriousness of the crimes charged weigh against transfer to Family Court.

## IV. Advantages of the Juvenile Justice System

Decision and Order Denying Defendant's Motion For De-Certification and Transfer to Family Court
CF0273-20, *People of Guam v. Timo Daniel Palik*
Page 4 of 6

Defendant has been under Special Education services and the English as a Second Language program since elementary school. Forensic Evaluation at 3 (Dec. 23, 2020). Family Court may be better able to address Defendant's educational needs because DYA is more akin to a proper scholastic environment than a correctional facility.

## V. Security of the Public

Defendant poses a real risk to the public given his extensive criminal history and the fact that he has been charged with 2nd Degree Felonies on three separate occasions over the past year. See CF0273-20 Indictment (Aug. 10, 2020); CF0289-20 Amended Magistrate's Complaint (May 27, 2020); and CF0147-21 Indictment (Mar. 25, 2021). Defendant may continue to reoffend, and public security would benefit from increased monitoring and surveillance available through the Department of Corrections.

## VI. Minor's history of services and willingness to participate in services

Defendant has participated in services provided through Guam Behavioral Health and Wellness Center and the Client Services and Family Counseling Division. Motion at 5. There is no reason to believe Defendant is unwilling to participate in these services moving forward.

## VII. Reasonable likelihood of rehabilitation

It is unlikely that Defendant will be rehabilitated before the juvenile court loses jurisdiction over him. Defendant already served seven months in DYA in 2020. Forensic Evaluation at 2 (Dec. 23, 2020). Despite this, Defendant picked up additional felony charges the very same month as his release from DYA. CF0147-21 Indictment (Mar. 25, 2021). The charges in CF0147-21 substantially mirror the allegations in this current charge. Seven months in DYA did little to rehabilitate the Defendant, and it is unlikely that any additional time in DYA will do so either.

## VIII. Adequacy of the Punishment

Defendant is charged with two serious felonies. The Department of Correction provides adequate potential punishment given Defendant's nearing adulthood and the need to protect the greater community at large.

Decision and Order Denying Defendant's Motion For De-Certification and Transfer to Family Court
CF0273-20, *People of Guam v. Timo Daniel Palik*
Page 5 of 6

In balancing the above factors, "the court *shall* give greater weight to the seriousness of the alleged offense and the minor's prior record of delinquency than to the other factors listed." 19 G.C.A. § 5106. Due to the seriousness of the charges, Defendant's extensive criminal record, Defendant's continued criminal behavior following a seven month stay in DYA, and the need to protect public security, the Court does not find it clear and convincing that Defendant's interests would be best managed through the Family Court.

**CONCLUSION**

For the reasons stated above, the Court **DENIES** Defendant's Motion. The transfer is denied and the case will not be remanded to the juvenile court system.

**IT IS SO ORDERED** this <u>May 26, 2021</u> *nunc pro tunc* to April 23, 2021.



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG , APO

Date: 5/26/21 Time: 1:00pm

Antonio Cruz
Deputy Clerk, Superior Court of Guam

Decision and Order Denying Defendant's Motion For De-Certification and Transfer to Family Court
CF0273-20, *People of Guam v. Timo Daniel Palik*
Page **6** of **6**